JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:26-00047 ADS                                 Date:  April 10, 2026

Title:  *Dwight Brooks v. Beachside Media, Inc.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|             Kristee Hopkins             |             None Reported             |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| :---: | :---: |
| None Present | None Present |

**Proceedings:        (IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

On January 7, 2026, Plaintiff Dwight Brooks filed a Complaint.  (Dkt. No. 1.)  The Complaint asserts a potential class action pursuant to the Telephone Consumer Protection Act ("TCPA").  (See generally Dkt. No. 1.)  Defendant's deadline to file an answer or responsive pleading to the Complaint was March 11, 2026.  (Dkt. No. 10.)  On March 17, 2026, the Court issued an Order to Show Cause re: Failure to Prosecute (the "OSC") because Defendant has not filed a responsive pleading and Plaintiff has not requested entry of default.  (Dkt. No. 13.)  The Court ordered Plaintiff to file a response to the OSC by no later than March 24, 2026, and specifically warned Plaintiff that failure to respond may result in dismissal of the action.  (Id.)  As of the date of this Order, Plaintiff has not filed a response to the OSC or otherwise communicated with the Court.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir 1998) (quoting Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992)).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   8:26-00047 ADS                              Date:  April 10, 2026

Title:  *Dwight Brooks v. Beachside Media, Inc.*

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the OSC.  (Dkt. 13.)  As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Id. at 642.

The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  Id. When a plaintiff fails to take action or seek relief after a defendant fails to timely respond to a complaint, "the action come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); see also Imanpour v. United States Dep't of State, No. 8:25-01985 FWS (JDE), 2025 WL 167991, at *3 (C.D. Cal. Dec. 3, 2025) (dismissing case without prejudice when plaintiff failed to comply with court deadline to request entry of default).

The third factor, the risk of prejudice to Defendant, is neutral, as Defendant has not appeared.  Cf. Pagtalunan, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.").

The fourth factor weighs in favor of dismissal.  The Court has attempted less drastic alternatives, but they have been unsuccessful.  The Court gave Plaintiff sufficient time to respond to the OSC and informed Plaintiff that failure to file a timely and appropriate response to the OSC may result in dismissal of this case.  (Dkt. No. 13); see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

Finally, the fifth factor as to public policy is neutral.  The public policy favoring disposition on the merits generally weighs against dismissal.  Pagtalunan, 291 F.3d at 643.  However, this factor logically rests upon an inherent presumption a litigant has diligently prosecuted his or her claims.  See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) ("[A] case that is stalled or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:26-00047 ADS                                    Date:  April 10, 2026

Title:  *Dwight Brooks v. Beachside Media, Inc.*

unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."). It is the plaintiff's responsibility to move a case toward disposition. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228. The Court finds Plaintiff's failure to timely prosecute this case or respond to the court's OSC lessens the weight of the public policy favoring disposition on the merits. The Court therefore finds this factor does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. See Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). This case is therefore dismissed without prejudice.

**IT IS SO ORDERED.**

Initials of Clerk kh